SARAH N. TURNER (SBN: 090430)
GORDON & REES LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Attorney for Defendant
AETNA LIFE INSURANCE COMPANY
(erroneously sued as AETNA)

**IN THE DISTRICT COURT OF THE STATE OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| MIROSLAV SOICH<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AETNA<br><br>　　　　Defendant. | CASE NO.:<br><br>Multnomah Case No. 15SC48880<br><br>**DEFENDANT AETNA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant AETNA LIFE INSURANCE COMPANY ("Defendant"), erroneously sued as AETNA, hereby seeks removal of civil case number 15SC48880 from the Circuit Court of the State of Oregon for the County of Multnomah Small Claims Department. Removal of this action is proper for the following reasons:

**I.    TIMELINESS**

On or about December 31, 2015 Plaintiff Miroslav Soich ("Plaintiff") filed the civil action titled *Miroslav Soich v. Aetna*, in the Circuit Court of the State of Oregon for the County of Multnomah Small Claims Department. The civil action was given Case Number 15SC48880. (Small Claim and Notice of Small Claim ("Complaint") attached hereto and marked as Exhibit 1.) Plaintiff sent Aetna the Complaint by certified mail postmarked on December 31, 2015. (Declaration of

Gina Sparks ("Sparks Decl."), ¶ 3; *see also* Exhibit 1, Complaint.) On January 4, 2016, Aetna received the Complaint. (Sparks Decl. ¶ 3.)

In compliance with 28 U.S.C. §1446(b), Defendant files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleadings from state court and from first learning of the existence of the lawsuit. Hence, this Notice of Removal is timely.

## II.     FEDERAL QUESTION JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1441 over matters arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

Freddie Mac established a self-funded health care expense reimbursement plan (the "Plan") which was administered by Aetna. (Sparks Decl., ¶ 5.) From February 1, 2011 through August 1, 2013, Plaintiff was an eligible participant in the Plan offered by Freddie Mac. (Sparks Decl., ¶ 5.) The Plan is subject to and governed by ERISA. (*See* Redacted Administrative Services Agreement attached hereto and marked as Exhibit 2 at p. 1.)

This suit arises from a claim by Plaintiff for violation of ERISA as a result of Aetna's denial of her claims for reimbursement for health care expenses under the Plan governed by ERISA. (*See* Exhibit 1, Complaint.)

Pursuant to section 1132(a)(1)(B) "[a] civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). This action arises under ERISA in that Plaintiff seeks to determine whether Aetna violated ERISA in denying her claim for reimbursement under the Plan. (*See* Exhibit 1, Complaint.)

ERISA governs health care expense reimbursement plans offered as part of employee benefit plans, such as the Plan in which Plaintiff is a participant. 29

Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204

U.S.C. § 1003(a)(1).  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Likewise, the enforcement of rights under the plan is subject to and governed by ERISA.  29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987).  Hence, ERISA preempts all of Plaintiff's purported state-law claims in her Complaint.  Removal of such cases to federal court is proper because the claims arise under federal law.  *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *see also, Stuart v. Unum*, 217 F.3d 1145 (9th Cir. 2000).

### III.    PROCESS

The Complaint, attached hereto and marked as Exhibit 1, is the only documents which has been filed in the State Court action. This Notice of Removal is being filed without prejudice to Aetna's objections and defenses.  Written notice of the filing of this Notice of Removal will be given to all adverse parties and a copy will be filed with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah Small Claims Department, in accordance with the provisions of 28 U.S.C. § 1446(d).

### IV.    VENUE

Venue of this case is proper in the District of Oregon Portland Division, pursuant to 28 U.S.C. Section 1441(a), which states, in part, "…any civil action … may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of the State of Oregon for the County of Multnomah Small Claims Department is within the jurisdiction of the United States District Court, District of Oregon, Portland Division.

///
///
///
///
///

**Gordon & Rees LLP**
121 SW Morrison Street, Suite 1575
Portland, OR  97204

WHEREFORE, Aetna prays that the above action pending in the Circuit Court of the State of Oregon for the County of Multnomah Small Claims Department be removed from that court to this Court.

Dated: January 19, 2016                    GORDON & REES LLP

By: /s/*Sarah N. Turner*
Sarah N. Turner
Attorney for Defendant
AETNA LIFE INSURANCE COMPANY (erroneously sued as AETNA)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was electronically filed with the U.S. District Court on **January 19, 2016**. The foregoing document was served on the below via Federal Express on January 19, 2016:

Miroslav Soich
Plaintiff
4420 SE Nehalem St
Portland, OR 97206

/s/*Jeanne Perrin*
Jeanne Perrin, Legal Assistant

Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204

8010120/26360630v.1