IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MIROSLAV SOICH**, | Case No. 3:16-cv-88-SI |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| **AETNA LIFE INSURANCE COMPANY**, | |
| Defendant. | |

Miroslav Soich, 4420 SE Nehalem Street, Portland, OR 97206. *Pro se*.

Sarah N. Turner and Matthew G. Kleiner, GORDON & REES LLP, 121 SW Morrison Street, Suite 1575, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Miroslav Soich ("Plaintiff"), proceeding *pro se*, brings this action to challenge the denial by Defendant Aetna Life Insurance Company ("Aetna" or "Defendant") of Plaintiff's claims requesting reimbursement of funds from a Health Care Spending Account ("HCSA"). The HCSA plan is governed by the Employee Retirement Income Securities Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* After a bench trial on an administrative record held on January 28, 2017, the Court concludes that Plaintiff is not entitled to the requested reimbursements.

PAGE 1 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

**STANDARDS**

When the terms of an ERISA plan unambiguously provide the administrator with discretion to determine eligibility for benefits or to construe the terms of the plan, the administrator's denial of benefits is subject to review for abuse of discretion. *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1040 (9th Cir. 2014) (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc)); *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673 (9th Cir. 2011) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If there are procedural irregularities or if an administrator operates under a conflict of interest, the court considers the irregularities or conflict as a factor in determining whether there has been an abuse of discretion. *Pac. Shores Hosp.*, 764 F.3d at 1040; *see Abatie*, 458 F.3d at 965 (concluding that an insurer that acts as "both the plan administrator and the funding source for benefits operates under what may be termed a structural conflict of interest"). An administrator abuses its discretion if "it renders a decision without any explanation, construes provisions of the plan in a way that conflicts with the plain language of the plan, or fails to develop facts necessary to its determination." *Pac. Shores Hosp.*, at 1042 (quoting *Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trs.*, 588 F.3d 641, 649 (9th Cir. 2009)). An administrator also abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations. *Id*.

"A claimant may bear the burden of proving entitlement to ERISA benefits. This rule makes sense in cases where the claimant has better—or at least equal—access to the evidence needed to prove entitlement." *Estate of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065–66 (9th Cir. 2016) (distinguishing cases where the claimant has at least equal access to the necessary evidence from "other contexts, [where] the defending entity solely controls the information that determines entitlement, leaving the claimant with no meaningful way to meet

PAGE 2 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

his burden of proof") (internal citation omitted); *cf. Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (holding that where a court reviews a plan administrator's decision *de novo*, the claimant has the burden of proof). *See also* 2 ERISA Practice and Litigation § 11:68 ("Because the outcome of ERISA actions commonly turns on discovery, it is well for litigants to be mindful of the principle set forth in 2 McCormick on Evidence (4th ed.) § 337: 'Where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue.'"). The "burden" in a civil case involves two elements: the burden of going forward with proof (the burden of "production") and the burden of persuading the trier of fact (the burden of "proof"). *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (citations omitted).

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). The Supreme Court has held that an administrator's "fiduciary responsibility under ERISA is simply stated." *Pegram v. Herdrich*, 530 U.S. 211, 223 (2000). "[F]iduciaries shall discharge their duties with respect to a plan 'solely in the interest of the participants and beneficiaries,' that is, "for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." *Id*. at 223-24 (quoting 29 U.S.C. § 1104(a)(1)(A) (internal citation omitted)). The administrator's duty is "to see that the plan is 'maintained pursuant to [that] written instrument.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013) (brackets in original) (quoting 29 U.S.C. § 1102(a)(1)). "This focus on the written terms of the plan is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'" *Id*. (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996) (brackets in original)).

PAGE 3 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

Nothing in the text of ERISA requires a participant or beneficiary to exhaust administrative remedies in order to bring an action under § 502 of ERISA, 29 U.S.C. § 1132. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). The Ninth Circuit, however, "long ago concluded that 'federal courts have the authority to enforce [a plan's] exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so.'" *Id*. (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). Accordingly, courts in this circuit consistently hold that before bringing suit under § 502, an ERISA plaintiff claiming a denial of benefits "must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Id*. (quoting *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). Accordingly a claimant's cause of action under ERISA "does not accrue until the plan issues a final denial." *Heimeshoff*, 134 S. Ct. at 610.

Similarly, ERISA does not contain its own statute of limitations for suits to recover benefits under 29 U.S.C. § 1132(a)(1)(B). *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1184 (9th Cir. 2010). "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Upadhyay v. Aetna Life Ins. Co*., 2014 WL 186709, at *5 (N.D. Cal. Jan. 16, 2014), *aff'd*, 645 F. App'x 569 (9th Cir. 2016) (quoting *Heimeshoff*, 134 S. Ct. at 610). The contractual limitations period begins to run as defined by the plan's terms. *Id*. (citing *Mogck v. Unum Life Ins. Co. of Am*., 292 F.3d 1025, 1028 (9th Cir. 2002)); *see Heimeshoff*, 134 S. Ct. at 611 (explaining that parties may contractually agree to "not only to the length of a limitations period but also to its commencement").

PAGE 4 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

## FINDINGS OF FACT

1.      Plaintiff is a former employee of the Federal Home Loan Mortgage Company ("Freddie Mac") and was voluntarily enrolled in a Health Care Savings Account Plan (the "plan") for years 2011 and 2012, and from January 1, 2013, until August 1, 2013. AR 30, 72-77, 134, 136, 138, 140, 142, 144, 160-61, 163-64. The plan allows eligible employees to set aside money in an HCSA to draw from when they incur eligible health care expenses as defined by the Internal Revenue Service. AR 3, 34, 87. During the relevant period, Freddie Mac was the plan administrator and Defendant was the benefit, claims, and appeals administrator (collectively, the "Claim Administrator"). AR4-6, 35, 36, 88, 90; Aguilera Declaration ¶ 4. As the Claim Administrator, Defendant is the "fiduciary with absolute and sole discretion" in the administration of benefits, resolution of claims, and review and resolution of appeals. AR 4-5, 35, 88. Defendant also has full discretion and sole authority to "[i]nterpret the Plan" and "[d]ecide the amount, form and timing of benefits payments." AR 22, 53, 106.

2.      As relevant here, Defendant's HCSA summary plan descriptions (the "Plan Descriptions") provide that to receive reimbursement for an eligible health care expense, a claimant must timely submit a claim form with attached "[p]roof of payment (a receipt and a copy of the explanation of benefits statement you receive from an insurance plan, carrier or claims administrator)." Aguilera Decl. ¶6; AR 14-15, 98-99. According to Defendant's claim submission guidelines, when a claimant submits an itemized receipt, the receipt must include, among other information, the date or dates of service, type of service, and, if applicable, prescription names. AR 88. The Plan Descriptions also state in several places that "[c]laims must be **received by** Aetna before the Claims Deadline of March 31 in order to be eligible for reimbursement. It is your responsibility to ensure that your claims are **received** by Aetna by close of business on March 31 of the following year." ECF 23, Ex. 1 (2011 Plan Description

PAGE 5 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

p. 3); ECF 23, Ex. 2 (2013 Plan Description p. 3); AR 3 and 34. (emphasis in original). If March 31st does not fall on a business day, claims are due the first business day after March 31. AR 10, 41; Ex. 1, p. 10; Ex. 2, p. 10. The Plan Descriptions further provide that "**[t]here are no exceptions made to this deadline.**" Ex. 1, at 5; Ex. 2 at 5; AR 5, 36 (emphasis in original).

3. The Plan Descriptions also require that a claimant submit an appeal within 180 calendar days of the claimant's receipt of an initial denial. The Plan Descriptions further provide that a claimant may file a lawsuit to dispute denied claims "only after you have exhausted the HCSA Plan's claims and appeals procedures as described in the Administration section of this document." AR 16-17, 21, 47, 48, 51, 52, 100, 101, 105. The Plan Descriptions also state that "[n]o legal action can be brought to recover under any benefit after three years from the deadline for filing a claim." AR 21, 51, 52, 105.

4. Plaintiff elected to contribute pre-tax dollars to his HCSAs in the amount of $1,000, $1,200, and $1,200 for the years 2011, 2012, and 2013, respectively.

5. In its trial brief, Defendant asserts the following additional facts. Plaintiff received a copy of the Plan Descriptions for each year he was enrolled in the plan. AR 1-28, 32, 59 (Plan Descriptions); 30, 77, 134, 136, 138, 140, 142, 144, 161, 164. On April 2, 2013, one year after the mandatory deadline to file claims for 2011 expenses, Defendant received a request from Plaintiff for reimbursement of an additional $1,263.25 for expenses that Plaintiff incurred during 2011. Aguilar Decl. ¶¶ 10, 11; AR 60-71. Also on April 2, 2013—one day after the mandatory deadline for 2012 claims—Defendant received a request from Plaintiff for reimbursement of $1,679.15 for expenses incurred during 2012. Aguilera Decl. ¶10, 11; AR 60-71. Defendant denied Plaintiff's requests for reimbursement for 2011 and 2012 as untimely. AR 72-80. Defendant sent Plaintiff a denial for his 2011 and 2012 claims on April 11,

PAGE 6 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

2013. AR 79-80. Defendant notified Plaintiff in an Explanation of Payment that each denied expense was "not reimbursable because it was submitted after the plans claim submission deadline/closeout." AR 72-78. Defendant also notified Plaintiff of his right to appeal the denial and of his right to file a lawsuit pursuant to Section 502(a) of ERISA following exhaustion of his administrative appeal. AR 78-80.

6.      On March 31, 2014, Defendant received a reimbursement request from Plaintiff seeking reimbursement for several health care expenditures, including three separate charges of $25 each ("2013 Claims"). AR 132-33, 146-53; Exhibit 4 (copy of invoice submitted to Defendant by Plaintiff). Defendant denied the claims on the basis that it had already reimbursed Plaintiff for those charges. AR 163-64. Defendant sent Plaintiff written denial of his 2013 Claims on April 3, 2014. Defendant notified Plaintiff of the denial and the reason for the denial, as well as his right to appeal the denial and his right to file a lawsuit pursuant to Section 502(a) of ERISA after exhaustion of his administrative appeal. *Id*.

7.      Plaintiff did not submit an administrative appeal after Defendant denied his requests for reimbursement. Aguilera Decl. ¶ 12. The deadlines for Plaintiff to file any such appeal (180 calendar days from the claimant's receipt of the initial denial) have passed.

8.      Plaintiff, however, asserts that he followed all of the Plan's guidelines for submitting health care expense reimbursement requests to Aetna's Claim Administrator and that he correctly submitted all reimbursement request forms to Defendant in a timely manner. With regard to the claims for expenses incurred in 2012, Plaintiff states, specifically, that he signed his reimbursement request form for those expenses on Saturday, March 30, 2013, and sent it via overnight express mail to Defendant, who received the request on Monday, April 1, 2013, the deadline date. Plaintiff also states that he exhausted all administrative and appeal procedures

PAGE 7 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

subsequent to the denial of his claims. Plaintiff states that he retained supporting written verification of those appeals from Defendant but cannot now find that evidence. Beyond reciting the above facts, Plaintiff does not address the arguments that Defendant has raised. At no point in his briefing does Plaintiff cite to the administrative record or any other authority or documentation.

9. On or about December 31, 2015, Plaintiff filed a small claims civil action in Oregon state court, alleging that Defendant "failed to reimburse me for my 'Flexible Health Care Spending,'" seeking $2,281.35 ($1000 for 2011, $1,200 for 2012, and $81.35 for 2013). Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1441. Plaintiff subsequently adjusted his request for reimbursement to $2,191.15 ($884 for 2011, $1,200 for 2012, and $106.35 for 2013).

## CONCLUSIONS OF LAW

10. Plaintiff concedes that his claims for reimbursement of expenses incurred in 2011 is untimely. Plaintiff's concession is well-taken. As noted above, the Plan Descriptions state that "[n]o legal action can be brought to recover under any benefit after three years from the deadline for filing a claim." ECF 23. at 7. The deadline for claims for 2011 expenses expired on April 2, 2015. Plaintiff filed his Complaint in this matter on December 31, 2015. Plaintiff's claims for expenses incurred in 2011 are thus time-barred. *See Heimeshoff*, 134 S. Ct at 616 (approving ERISA plan's contractual 3-year limitations period).

11. Regarding the remaining disputed denials, the Court reviews Defendant's decisions for abuse of discretion. There is no conflict of interest that would merit *de novo* review. The plan at issue here is self-funded; in other words, Aetna makes the claims determinations and Freddie Mac funds the benefits. AR 23, 54, 107. *See Abatie*, 458 F.2d at 965 (conflict of interest exists where the defendant is both the funder and administrator of the plan).

PAGE 8 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

12. Having considered the administrative record and the parties' arguments as summarized above, the Court concludes that Defendant did not abuse its discretion in denying Plaintiff's requests for reimbursement of expenses incurred in 2012 and 2013. First, under the Ninth Circuit's decision in *Estate of Barton*, Plaintiff bears the burden of proving entitlement to the requested benefits. 820 F.3d at 1065-66. Plaintiff received the administrative record after filing his complaint, approximately seven months before filing his trial brief and almost five months before filing his response. *See* ECF 17 at 1 (June 8, 2015 Notice of serving Plaintiff administrative record). Thus, Plaintiff had "at least equal…access to the evidence needed to prove entitlement." Yet, Plaintiff offers no citation to the record or any other authority or documentation in support of his assertions to this Court. Defendant, on the other hand, has provided ample evidence, with voluminous citation to the administrative record, to support its argument. Plaintiff has failed to satisfy his burden of production.

13. Second, the record indicates that Plaintiff failed to exhaust his administrative remedies as required under the Plan Descriptions before initiating this lawsuit. Thus, Plaintiff is barred from seeking reimbursement for the disputed expenses incurred in 2012 and 2013. *Heimeshoff*, 134 S. Ct. at 610.

14. Third, even if Plaintiff were not barred from seeking such relief, the record supports Defendant's assertion that Plaintiff's request for reimbursement of costs incurred in 2012 was properly denied as untimely. According to Plaintiff, Defendant received that request on April 1, 2013, which, under the terms of the Plan Descriptions, was the deadline for such requests. Defendant asserts that Plaintiff's request was not received until the following day, April 2, 2013, which would make it untimely. Plaintiff cites no documentary support in the record for his assertion regarding the date that Defendant received Plaintiff's request. As

explained in *Heimeshoff*, the policy behind ERISA benefits administration contemplates strict adherence to the precise terms of benefits plans by the administrator in order to maintain the viability of making such plans available in the first place. 134 S. Ct. at 612. Given those circumstances, the Court cannot conclude that Defendant abused its discretion in denying Plaintiff's claims even though Plaintiff was only one day late with his request.

15. Fourth, regarding Defendant's denial of Plaintiff's request for reimbursement of the three disputed $25 expenses incurred in 2013—and again, assuming that Plaintiff's 2013 Claims were not barred by his failure to exhaust his administrative remedies—the record similarly supports Defendant's assertion that Plaintiff's request for reimbursement of those charges was properly denied because Defendant had already reimbursed Plaintiff for them. Defendant therefore did not abuse its discretion in denying those claims.

## CONCLUSION

Defendant, Aetna Life Insurance Company, is entitled to Judgment in its favor against Plaintiff, Miroslav Soich.

**IT IS SO ORDERED**.

DATED this 2nd day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge